1  DAVID P. BRANFMAN, Cal. Bar No. 084295
2  BRANFMAN LAW GROUP, P.C.
   708 Civic Center Drive
3  Oceanside, California 92054
   Telephone:    760-637-2400
4  Facsimile:    760-687-7421
   dbranfman@branfman.com
5
6  Attorney for Nonparty
   SAMUEL TEITELBAUM
7

8  EDWARD W. BURNS, Cal. Bar. No. 201913
   BURNS, SCHALDENBRAND & RODRIGUEZ
9  1155 Sportfisher Drive, Suite 120
   Oceanside, California 92054
10 Telephone:    760-453-2189
   Facsimile:    760-453-2194
11
   ewburns@bsrlawyers.com
12 Attorney for Nonparty
   SAMUEL TEITELBAUM
13

14

15                    **UNITED STATES DISTRICT COURT**

16                 **NORTHERN DISTRICT OF CALIFORNIA**

17

18 BOY RACER, INC.                  )   Case No. **3:11-CV-05628-MMC**
                                    )
19              Plaintiff,          )   **NON-PARTY SAMUEL TEITELBAUM'S**
                                    )   **MOTION TO QUASH NONPARTY**
20                                  )   **DEPOSITION SUBPOENA OR IN THE**
                                    )   **ALTERNATIVE FOR PROTECTIVE**
21              vs.                 )   **ORDER; DECLARATION OF DAVID**
                                    )   **BRANFMAN; DECLARATION OF**
22                                  )   **SAMUEL TEITELBAUM; [PROPOSED]**
   JOHN DOE                         )   **ORDER**
23                                  )   [Exparte Application for an Order Shortening
                Defendant.          )   Time Filed Concurrently erewith]
24                                  )
                                    )
25                                  )   MAGISTRATE: Donna M. Ryu
                                    )   JUDGE: Hon. Maxine M. Chesney
26                                  )

27 ///

28 Boy Racer, Inc. v. John Doe 3:11-CV-05628-MMC

                                   1

**NOTICE OF MOTION AND MOTION TO QUASH THIRD PARTY DEPOSITION SUBPOENA**

1    NOTICE IS HEREBY GIVEN that on May 18, 2012, at 9:00 a.m., or as soon thereafter

2    as counsel may be heard by the above-entitled Court, located at 450 Golden Gate Avenue, San

3    Francisco, California, Courtroom 7 – 19th Floor, Non-Party witness, Samuel Teitelbaum moves

4    for an order quashing plaintiff's deposition subpoena, or in the alternative, for a protective order.

5    Mr. Teitelbaum moves the court for this order because this is plaintiff's improper second

6    effort at expedited discovery relating to the allegations contained in the complaint. Furthermore,

7    plaintiff is attempting to cause Mr. Teitelbaum to incur attorney fees and costs as punishment for

8    not paying a settlement sum despite the fact that Mr. Teitelbaum is not a defendant to this action.

9    In the alternative Mr. Teitelbaum requests the following protection:

10   1.     Schedule the deposition for San Diego County, the county where Mr. Teitelbaum

11   lives.

12   2.     Schedule the deposition at a time when Mr. Teitelbaum will not have to miss

13   work, or, in the alternative, compensate Mr. Teitelbaum for his lost earnings.

14   3.     Require Plaintiff to provide the deposition questions in advance to Mr.

15   Teitelbaum.

16   4.     Limit the deposition to two (2) Hours.

17   5.     Prohibit the deposition from being videotaped or, in the alternative, require the

18   deposition to be videotaped by certified videographer only, not Plaintiff's counsel.

19   This motion will be based on Samuel Teitelbaum's notice, the argument contained herein,

20   and any oral argument to be presented before this Court.

21   Dated: April 11, 2012                    Respectfully submitted,

22                                            _____/s/_____

23                                            Edward W. Burns, Esq.
                                             BURNS, SCHALDENBRAND & RODRIGUEZ.
24                                            Attorneys for Nonparty
                                             Samuel Teitelbaum
25

26

27

28   Boy Racer, Inc. v. John Doe 3:11-CV-05628-MMC

**NOTICE OF MOTION AND MOTION TO QUASH THIRD PARTY DEPOSITION SUBPOENA**

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Samuel Teitelbaum ("Mr. Teitelbaum"), a non-party to the above captioned action, by and through his counsel, respectfully moves the court, pursuant to Rules 45(c)(3)(A)(iv), of the Federal Rule of Civil Procedure, for an order granting his Motion to Quash the subpoena issued by Plaintiff Boy Racer, Inc. ("Plaintiff"), for the stated purpose of commanding Mr. Teitelbaum to appear on April 20, 2012 at 11:00 a.m. in Newport Beach, California to have his deposition taken. (Exhibit 1) Mr. Teitelbaum moves the court for this order because this is plaintiff's second effort at expedited discovery relating to the allegations contained in the complaint. Furthermore, plaintiff is attempting to cause Mr. Teitelbaum to incur attorney fees and costs as punishment for not paying a settlement sum despite the fact that Mr. Teitelbaum is not a defendant to this action.

This subpoena arises out of a case that is just one of an alarming series of similar actions brought by Plaintiff and Plaintiff's counsel designed to use the imprimatur and halo of the courts to harass and coerce individuals into unwarranted and unconscionable settlement agreements just below the cost of defense.  Plaintiff alleges ownership of copyright in their short pornographic films and claims mass infringement through BitTorrent file sharing on the Internet.

Plaintiff alleges, although has provided no proof, that BitTorrent file sharing occurred at an ISP address assigned to Mr. Teitelbaum. Mr. Teitelbaum has offered to provide a declaration under penalty of perjury that he did not participate in file sharing or any illegal downloading of plaintiff's films as alleged by plaintiff.  Moreover, Mr. Teitelbaum, who lived alone at the time, offered in his declaration that he does not know the identity of anyone who participated in the alleged file sharing or illegal downloads, did not have any roommates or house guests or co-habitants at the time of the alleged infringement.  Plaintiff has and continues to refuse Mr. Teitelbaum's offer.

On April 8, 2011, Plaintiff filed a complaint in the United States District Court for the Northern District of California against Does 1-64, Case No. 3:11-cv-01738-MEJ alleging infringement of its film "Punk Rock Orgy in the Woods."  Exhibit 2.

Boy Racer, Inc. v. John Doe 3:11-CV-05628-MMC

**NOTICE OF MOTION AND MOTION TO QUASH THIRD PARTY DEPOSITION SUBPOENA**

1   On April 10, 2011 Plaintiff filed an ex parte application to permit early discovery to
2   serve subpoenas on several Internet Service Providers ("ISPs") to get the true names and
3   addresses of account holders so that plaintiff could identify the infringers to name and serve.
4   Exhibit 3.  Through this discovery, Plaintiff obtained Mr. Teitelbaum's, name, address, phone
5   number, and email amongst other information.
6   On or about June 17, 2011 Plaintiff's counsel sent a demand letter to Teitelbaum that
7   referenced the Boy Racer, Inc. vs. Does 1-64 complaint -- accusing him of copyright
8   infringement, threatening to name him as a defendant in Boy Racer, Inc. vs Does 1-64 and to
9   seek damages up to $150,000 plus attorney fees, but offering to settle for $3,400 to avoid the
10  embarrassment and expense of litigation.  (Exhibit 4).
11  Plaintiff - without ever naming a single defendant - dismissed the Boy Racer, Inc. vs.
12  Does 1-64 case without prejudice in August 2011.
13  On November 21, 2011 plaintiff filed the instant complaint naming only one "John Doe."
14  However, despite plaintiff's previous accusation that Mr. Teitelbaum was guilty of copyright
15  infringement, in the instant complaint Plaintiff now admits that it does not really know who the
16  infringer was but claims Mr. Teitelbaum was the account holder and therefore *might* know the
17  identity of the infringer.
18  Moreover, despite plaintiff's new assertion that it does not really know who the
19  infringing party really is, in 2011 Plaintiff's counsel's website identified Mr. Teitelbaum as a
20  "Top 25 Internet Pirate." Exhibit 8.
21  Plaintiff then filed in the instant case another ex parte application seeking expedited
22  discovery in the form of a subpoena for the deposition of Mr. Teitelbaum. (Exhibit 5.) Plaintiff's
23  counsel did not serve Mr. Teitelbaum with the ex parte application.   This was plaintiff's second
24  request for expedited discovery with respect to the alleged infringement of plaintiff's film.
25  Plaintiff's counsel has been admonished by this court for his attempts at expedited discovery in a
26  virtually identical case - Boy Racer, Inc. v. Does 1-52 Case No. 11-CV-2329-PSG.  A copy of
27  Judge Grewal's Order dated September 13, 2011 is attached as Exhibit 6.
28  Boy Racer, Inc. v. John Doe 3:11-CV-05628-MMC

4

**NOTICE OF MOTION AND MOTION TO QUASH THIRD PARTY DEPOSITION SUBPOENA**

Mr. Teitelbaum now lives in San Diego, CA and has lived in San Diego, CA since relocating there in September 2011.  Yet the deposition is scheduled for April 20, 2012 in Newport Beach, California. The subpoena states that the deposition will be recorded by videotape.  Mr. Teitelbaum is informed and believes that Plaintiff's counsel does NOT intend to utilize the services of a court reporter for the deposition but rather intends to simply self-videotape the deposition in a further effort to maximize the intimidation of Mr. Teitelbaum at minimal cost.

Mr. Teitelbaum requests that this court quash the subpoena as improper expedited discovery pursuant to Federal Rule of Civil Procedure Rule 26(c).

In the alternative Mr. Teitelbaum requests the following protection:

1.      Schedule the deposition for San Diego County, the county where Mr. Teitelbaum lives.

2.      Schedule the deposition at a time when Mr. Teitelbaum will not have to miss work, or, in the alternative, compensate Mr. Teitelbaum for his lost earnings.

3.      Require Plaintiff to provide the deposition questions in advance to Mr. Teitelbaum.

4.      Limit the deposition to two (2) Hours.

5.      Prohibit the deposition from being videotaped or, in the alternative, require the deposition to be videotaped by certified videographer only, not Plaintiff's counsel.

## II.      PLAINTIFF'S LITIGATION BUSINESS MODEL

While each case differs in minor detail, the business model employed by the Plaintiff and its counsel follow the same pattern.  Plaintiff alleges ownership of copyright in their short pornographic films and claim mass infringement through BitTorrent file sharing on the Internet. Plaintiff then allegedly hires independent, non-licensed detectives to determine what Internet Protocol addresses ("IP address") may have been involved in this alleged mass infringement of Plaintiff's pornographic films.  By employing unspecified and potentially unlicensed methods, Plaintiff's detectives supply Plaintiff with a list of IP addresses.

Boy Racer, Inc. v. John Doe 3:11-CV-05628-MMC

5

**NOTICE OF MOTION AND MOTION TO QUASH THIRD PARTY DEPOSITION SUBPOENA**

1    With these IP addresses in hand, Plaintiff then files a copyright action against anywhere

2  from one to thousands of Doe defendants.  Once Plaintiff has filed its suit, Plaintiff then makes

3  an ex parte motion requesting leave to take early discovery and serve subpoenas on the Internet

4  Service Providers ("ISPs") to whom the IP addresses are attributed (e.g. Cox Communications or

5  Comcast).

6    Plaintiff asserts to the court its dire need for expedited discovery as such is the only way

7  plaintiff will be able to name the hundreds or thousands of Doe defendants and vindicate the

8  rights as alleged authors of pornographic films.  Plaintiff assures the court that by serving

9  subpoenas on the ISPs to obtain information regarding the account holder who owns the IP

10  address, e.g., name, address, telephone number, E-mail address, and media access address, so

11  that Plaintiff will then have sufficient information to identify, name, and serve the hundreds or

12  thousands of Doe defendants.

13    Once in possession of the account holders' identities, plaintiff sends out mass settlement

14  demand letters – but having paid only one initial court filing fee of $350.  The recipients of those

15  letters are left with the decision to retain counsel or settle for an amount less than the cost of

16  defense.

17    By admission of its counsel, Plaintiff's counsel has filed over 115 similar actions on

18  behalf of plaintiff and other similar production companies against over 11,000 Does.  In those

19  115+ actions which identified thousands of Does, plaintiff's counsel has admittedly never

20  actually named or served any defendants by their true names. See Exhibit 11.

21  **III.    LAW AND ARGUMENT**

22    An "abusively drawn" subpoena "served for the purpose of annoying and harassment and

23  not really for the purpose of getting information" may be quashed because it imposes an "undue

24  burden." *Mattel Inc. v. Walking Mountain Productions*, 353 F.3d 792, 813-14 (9th Cir. 2003).

25  Under Fed. R. Civ. P. 45 (c)(3)(a)(iv), "the issuing court must quash or modify a subpoena that .

26  . . subjects a person to undue burden." Here, Mr. Teitelbaum does not know the identity of the

27  alleged infringer.  He has offered to provide a declaration stating as much.  He is not a party to

28  Boy Racer, Inc. v. John Doe 3:11-CV-05628-MMC

**NOTICE OF MOTION AND MOTION TO QUASH THIRD PARTY DEPOSITION SUBPOENA**

1   this action and it does not appear that plaintiff is going to name him as a defendant.  But because

2   Mr. Teitelbaum has refused plaintiff's demands to settle this matter, the deposition subpoena is a

3   thinly veiled attempt to punish Mr. Teitelbaum for refusing to settle.

4          The plaintiff is not permitted to conduct expedited discovery absent a showing of good

5   cause.  *Semitool, Inc. v. Tokyo Electron Am, Inc.* 208 F.R.D. 273 (N.D. Cal 2002).  In this case,

6   plaintiff already has the name and contact information of the account holder (Mr. Teitelbaum),

7   has previously accused him of copyright infringement, and plaintiff's counsel named him as a

8   "Top 25 Internet Pirate" on its law firm's website.  At best, the deposition is for the purpose of

9   eliciting facts relating to Mr. Teitelbaum's involvement, if any, in the BitTorrent distribution, to

10  learn about Mr. Teitelbaum's computer and internet set up, and to try to identify other persons

11  who may have had access to Mr. Teitelbaum's computers or internet access.  This is far beyond

12  the limited purpose of seeking the identity of a Doe defendant.  At worst, the deposition is

13  designed to intimidate Mr. Teitelbaum and coerce him into paying a settlement fee to the

14  plaintiff.

15         In his application for the deposition subpoena, plaintiff's counsel accuses Mr. Teitelbaum

16  of being evasive.  However, plaintiff's counsel failed to provide a declaration, stating under

17  penalty of perjury the details of the "evasive" actions taken by Mr. Teitelbaum.

18         As an 'extraordinary remedy,' expedited discovery may not be granted where the

19  requested discovery clearly would not uncover the identities sought. *Gillespie v. Civiletti*, 629

20  F.2d 637, 642 (9th Cir. 1980).  Here, Mr. Teitelbaum has repeatedly advised plaintiff that he was

21  not the infringing party and that he has no knowledge as to who the infringer may be.  There is

22  no justifiable reason that Mr. Teitelbaum be subject to an expedited discovery deposition.

23         The arguments in plaintiff's original ex parte motion for expedited discovery in <u>Boy</u>

24  <u>Racer, Inc. vs. Does 1 – 64</u> are virtually identical to the arguments set forth in its ex parte

25  application in the instant case.  (Exhibits 2 and 5)

26         Judge Grewal specifically addressed this exact issue with plaintiff and its counsel in his

27  September 13, 2011 order in Case No. 11-2329:

28  Boy Racer, Inc. v. John Doe 3:11-CV-05628-MMC

**NOTICE OF MOTION AND MOTION TO QUASH THIRD PARTY DEPOSITION SUBPOENA**

1   "Now the court has learned not only that this discovery did fail to uncover the

2   identity of the responsible individuals, but also that Boy Racer requires additional

3   discovery that itself may or may not be adequate to the task. *The court cannot*

4   *tolerate such legerdemain.* Particularly in the context of *ex parte* requests, courts

5   must rely upon the representation and proffers. . . . [T]o ask first for a limited

6   number of ISP subpoenas, and only later to reveal that an inspection of potentially

7   gigabytes of personal data is being sought, strikes the court as an error more

8   egregious than that of poor foresight. . . . *This would seem to be a prototype of*

9   *what others in cases such as this have labeled the classic "fishing expedition."*

10  *Boy Racer, Inc, v, Does 1-52*, Order Denying Further Discovery; Order to Show Cause, Case No.

11  11-CV-2329-PSG (N.D. Cal.) (citing *VPR Internationale v. Does 1-1017*, Case No. 11-2068,

12  Docket No. 15 at 3 (C.D. Ill., Apr. 29, 2011) (emphasis added) (Exhibit 6).

13  **IV.    THIS ACTION WOULD NOT SURVIVE A MOTION TO DISMISS**

14  **A. Plaintiff failed to comply with 17 U.S.C. § 411's prerequisite registration requirement**

15  **for copyright actions, rendering its infringement action invalid and the subpoena moot.**

16      This court lacks jurisdiction over this matter due to Plaintiff's failure to produce any

17  evidence of its allegedly pending copyright application or copyright registration certificate.

18  Section 411(a) of the United States Copyright Act states: "no civil action for infringement of the

19  copyright in any United States works shall be instituted until preregistration or registration of the

20  copyright claim has been made . . . ." 17 U.S.C. 411(a) (2008). The Ninth Circuit has adopted

21  the approach that, "receipt by the Copyright Office of a complete application satisfies the

22  registration requirement of § 411(a)." *Cosmetic Ideas, Inc. v. IAC/Interactivecorp*, 606 F.3d 612

23  (9th Cir. 2010).

24      But here plaintiff has failed to offer any evidence of copyright registration or pending

25  application for copyright registration of its work that is the basis of their suit from which this

26  subpoena emanates. The only support for its claimed copyright is Plaintiff's own self-serving

27  assertion in their complaint that, "[t]he Video is the subject of an application for registration that

28  Boy Racer, Inc. v. John Doe 3:11-CV-05628-MMC

**NOTICE OF MOTION AND MOTION TO QUASH THIRD PARTY DEPOSITION SUBPOENA**

1   is currently pending in the United States Copyright Office." (Complaint at ¶ 20).

2       Additional, Mr. Teitelbaum's counsel was unable to locate the Report on the Filing or

3   Determination of an Action or Appeal Regarding a Copyright which is required to be sent by the

4   court's clerk to the Register of Copyrights within one month of the filing of this action under 17

5   U.S.C. § 508.

6   **B.    Plaintiff has violated Fed. R. Civ. P. 4(m) because Plaintiff instituted the present**

7   **action over 140 days ago and has still failed to serve a defendant.**

8       "If a defendant is not served within 120 days after the complaint is filed, the court . . .

9   must dismiss the action . . . ." Fed. R. Civ. P. 4(m).  Plaintiff instituted the present action on

10  Nov. 21, 2011.  As of the filing of this motion, at least 140 days have past without Plaintiff

11  naming a defendant.  Therefore, the court must dismiss this action, and accordingly quash the

12  subpoena.

13      Under Fed. R. Civ. P. 4(m), the 120 day time limit may be excused if the Plaintiff can

14  show good cause.  Among the considerations the court must weigh in evaluating good cause is

15  "the administration of justice." *See Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273,

16  275 (N.D. Cal. 2002).  Based on the fact that Plaintiff's counsel has filed over 115 actions

17  against over 11,000 Doe defendants in 2011 alone, and has named zero of those 11,000+ Doe

18  defendants, this court cannot reasonably believe that a defendant will ever be named in this

19  action either.  (Declaration of Charles E. Piehl in Response to Minute Order, *AF Holdings LLC v.*

20  *Does 1-135*, Case No. 5:11-CV-03336, attached as Exhibit [  ]).

21  **V.    ALTERNATIVELY, THE COURT SHOULD ISSUE A PROTECTIVE ORDER**

22      Fed. R. Civ. P. 26(c)(A)-(E) provides: "The court may, for good cause, issue an order to

23  protect a party or person from annoyance, embarrassment, oppression, or undue burden or

24  expense, including one or more of the following: (A) forbidding the disclosure or discovery; (B)

25  specifying terms, including time and place, for the disclosure or discovery; (C) prescribing a

26  discovery method other than the one selected by the party seeking discovery; (D) forbidding

27  inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;

28  Boy Racer, Inc. v. John Doe 3:11-CV-05628-MMC

**NOTICE OF MOTION AND MOTION TO QUASH THIRD PARTY DEPOSITION SUBPOENA**

1  (E) designating the persons who may be present while the discovery is conducted.

2  **A.      The Deposition for a location within San Diego County, as this is where Mr.**

3  **Teitelbaum resides, and at time and place where will not cause Mr. Teitelbaum to be**

4  **absent from work, or, in the alternative, that he be compensated by Plaintiff for his lost**

5  **earnings.**

6          The deposition is currently schedule for Newport Beach, California, which is about

7  eighty five miles away from San Diego, the place of Mr. Teitelbaum's residence.  Fed. R. Civ. P.

8  45 expressly states that a deposition must be scheduled within 100 miles of a deponent's

9  residence or else it must be quashed.  While 85 miles is just under the 100 mile maximum, when

10  looking at the totality of the circumstances surrounding Plaintiff's actions, the scheduling of the

11  deposition at a location at the very limits of the maximum distance can only be seen as another

12  attempt by Plaintiff to harass Mr. Teitelbaum and subject him to undue burden in hopes of

13  coercing a settlement out of him.

14          The deposition is currently scheduled for 11:00 a.m. on a business day.  Thus, in order to

15  attend the deposition, Mr. Teitelbaum will have to request time off from work, which will add

16  further financial burden on top of the already heavy undue burden that this subpoena is already

17  subjecting upon Mr. Teitelbaum.

18  **B.      Plaintiff should provide all questions to be asked in advance of the deposition.**

19          Due to Mr. Teitelbaum's status as non-party, he is entitled to greater protection than a

20  named party.  Plaintiff represents to the court that it only intends to ask Mr. Teitelbaum questions

21  to try to find out who may have infringed their allegedly copyrighted pornographic film.  If this

22  is all Plaintiff seeks, then Plaintiff could have much more easily sent Mr. Teitelbaum

23  interrogatories, which would subject Mr. Teitelbaum to a much smaller burden.  Furthermore,

24  Mr. Teitelbaum has on several occasions offered to supply Plaintiff with a sworn declaration,

25  under penalty of perjury, declaring that Mr. Teitelbaum did not infringe any works of the

26  Plaintiff, that he does not know who if anyone infringed Plaintiff's allegedly copyright work, that

27  at the time of the alleged infringement he lived in an apartment building containing a multitude

28  Boy Racer, Inc. v. John Doe 3:11-CV-05628-MMC

10

**NOTICE OF MOTION AND MOTION TO QUASH THIRD PARTY DEPOSITION SUBPOENA**

1    of residents, and that he had an unsecure wireless network.

2          Yet, these offers were repeatedly rejected by Plaintiff.  Therefore, Mr. Teitelbaum can

3    only assume that Plaintiff's true intent behind the subpoena is not to simply inquire about an

4    alleged infringer, but rather a further attempt by Plaintiff to harass and burden Mr. Teitelbaum

5    with the hopes of coercing him into settlement.  Based on the fact that Plaintiff's true intent

6    behind the subpoena is likely intimidation of Mr. Teitelbaum in the hopes of forcing him into

7    settlement, Mr. Teitelbaum request the court issue a protective order requiring Plaintiff to

8    provide all questions to be asked at the subpoena in the hopes of eliminating the intimidation

9    factor.

10   **C.     Mr. Teitelbaum requests the Court limit the deposition to 2 hours.**

11         Plaintiff asserts that the deposition is only necessary to identify any possible alleged

12   infringer of their claimed copyright.  With such a narrowly tailored line of questions, there is no

13   good cause to require the deposition to last more than 2 hours.

14   **D.     Any video recording of the deposition should be conducted only be professional,**

15   **certified videographers and not merely personally by Plaintiff's counsel.**

16         Self-videotaping is specifically precluded pursuant to Fed. R. Civ. P. 28(c), which

17   requires that depositions "must not be taken before a person who is any party's relative,

18   employee, or attorney; who is related to or employed by any party's attorney; or who is

19   financially interested in the action."  Further, any non-stenographic taping of any deposition

20   must comply with Fed. R. Civ. P. 30(b)(5)(B), which requires certain on-the-record statements to

21   be made at the beginning of each unit of the recording medium, and that there be no distortion of

22   the attorney or deponent through recording techniques.

23         Courts and commentators have long understood and identified the inherent problems in

24   videotaping and playing video depositions.  *See* Ernest Figari, Jr. & Alan S. Loewinsohn,

25   *Videotaped Depositions Come to Court*, 14 NO.3 Litig. 35, 35-38, 1988 (discussing how poor

26   quality videotaping at deposition can affect the credibility, admissibility, and understandability

27   of testimony at trial).  "[C]ourts have made rules concerning '[m]atters of staging and

28   Boy Racer, Inc. v. John Doe 3:11-CV-05628-MMC

**NOTICE OF MOTION AND MOTION TO QUASH THIRD PARTY DEPOSITION SUBPOENA**

photographic technique, such as the use of a zoom lens, the angle of the camera, and the background,' whether 'the videotape shall run continuously throughout the deposition from beginning to end,' who can attend the deposition, who shall pay for the videotape, whether a log index of the videotape shall be made, and whether there shall be specific rules for handling objections and making copies of the videotape." *See id.* (citing *In re 'Agent Orange' Product Liability Litigation*, 28 Fed. R. Serv. 2d 993 (E.D.N.Y. 1980), and *In the Matter of Daniels*, 69 F.R.D. 579 (N.D. Ga. 1975)).

Certified videographers are skilled at setting up depositions to fairly depict a witness. Attorneys are not as skilled and have other issues about which they should be concerned. *See Woods v. G.B. Cooley Hosp. Service Dist,.* 2009 WL 151078 (W.D. La.) (noting poor quality of video which "could have been avoided by the use of a professional videographer."). Thus, Mr. Teitelbaum requests that the Court issue a protective order preventing Plaintiff from self-videotaping, leaving the parties to follow the Federal Rules.

## VI. PLAINTIFF'S COUNSEL PRENDA LAW, INC. IS NOT QUALIFIED TO PRACTICE LAW IN CALIFORNIA

Finally, the court should note that Prenda Law, Inc. is not qualified to practice law in the State of California. Title 3, Div. 2, Ch. 3, Rule 3.150 of the Rules of the State Bar of California states, "To practice law in California, a corporation must be *certified by the California Secretary of State* and registered by the State Bar." Upon investigation via an Internet search , no record of "Prenda Law" or "Prenda Law, Inc." exists with the California Secretary of State.

Dated: April 11, 2012                    Respectfully submitted,


                                          _____/s/_____
                                          Edward W. Burns, Esq.
                                          BURNS, SCHALDENBRAND & RODRIGUEZ.
                                          Attorneys for Nonparty
                                          Samuel Teitelbaum

Boy Racer, Inc. v. John Doe 3:11-CV-05628-MMC

12

**NOTICE OF MOTION AND MOTION TO QUASH THIRD PARTY DEPOSITION SUBPOENA**