1 | Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law, Inc.
2 | 38 Miller Avenue, #263
Mill Valley, CA 94941
3 | 415-325-5900
blgibbs@wefightpiracy.com
4

*Attorney for Plaintiff*

5

6

7               IN THE UNITED STATES DISTRICT COURT FOR THE

8               NORTHERN DISTRICT OF CALIFORNIA

9               SAN FRANCISCO DIVISION

10

11

| | |
|---|---|
| BOY RACER, INC.,        ) | **Case No. 3:11-CV-05628 MMC (DMR)** |
|         ) | |
|         ) | **PLAINTIFF'S RESPONSE IN** |
|    Plaintiff,    ) | **OPPOSITION TO NON-PARTY'S** |
|         ) | ***EX PARTE* APPLICATION FOR AN** |
|   v.       ) | **ORDER SHORTENING TIME FOR** |
|         ) | **HEARING ON MOTION TO QUASH** |
|         ) | **NON-PARTY DEPOSITION** |
| JOHN DOE,     ) | **SUBPOENA OR IN THE** |
|         ) | **ALTERNATIVE FOR PROTECTIVE** |
|         ) | **ORDER OR A STAY OF DEPOSITION** |
|    Defendant.  ) | |
|         ) | Hearing Date/Time: (Currently unscheduled) |
| _____) | Magistrate Judge: Honorable Donna M. Ryu |
| | Judge: Honorable Phyllis J. Hamilton |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO NON-PARTY'S *EX PARTE*
APPLICATION FOR AN ORDER SHORTENING TIME FOR HEARING ON
MOTION TO QUASH NON-PARTY DEPOSITION SUBPOENA OR IN THE
ALTERNATIVE FOR PROTECTIVE ORDER OR A STAY OF THE DEPOSITION**

Samuel Teitelbaum ("Movant"), through his counsel David P. Branfman, filed this *Ex Parte*

Application for an Order Shortening Time for Hearing on Motion to Quash Non-Party Deposition

Subpoena or in the Alternative for Protective Order or a Stay of the Deposition. (ECF No. 25,

referred to herein as "Motion to Shorten Time.") Movant argues that he has a right to present his

motion to quash to the Court in an expedited manner because his client's motion to quash hearing

date falls after the noticed date for the deposition it seeks to quash. In the alternative, Movant

requests that "the deposition be stayed until and after the motion to quash is ruled upon following a

1    regularly notice [*sic*] motion." (ECF No 25 at Pg. 2, Lns. 2-3.)  This is a ploy.  Plaintiff strongly

2    urges the Court not to fall for it.  Movant's mentality throughout this entire case has been focused on

3    delay.  Movant now tries to enlist the Court to help it perpetrate further delay.  Please do not allow it.

4                                                    **BACKGROUND**

5            In early October of 2011, Plaintiff's counsel emailed and left a voice message with Movant's

6    counsel, David Branfman (hereinafter "Attorney Branfman), in an attempt the meet and confer with

7    him prior to filing this case. (*See* Declaration of Brett L. Gibbs Supporting Plaintiff's Motions

8    ["Gibbs Decl."] at ¶ 2.).  The goal was to avoid the burdens and expenses of formal litigation by

9    having an informal discussion with Attorney Branfman, and/or agree to informal discovery, allowing

10   Plaintiff to gain facts that would allow Plaintiff to assess a potential suit.  This likely would have

11   avoided this lawsuit altogether, or, at the very least, likely eliminated Movant's involvement herein.

12   (Gibbs Decl. at ¶ 3.)

13           On October 19, 2012, Attorney Branfman via email stating that he was out of the office until

14   October 29, 2011, he would have a discussion with Movant, and get back to Plaintiff's counsel. (*Id.*

15   at ¶ 4.)  Plaintiff's counsel, encouraged by the Attorney Branfman's communication, patiently

16   waited for the contact. (*Id.* at ¶ 5.)  Unfortunately, it did not come. (*Id.* at ¶ 6.)

17           On November 8, 2011, Plaintiff's counsel left a message with Attorney Branfman's

18   secretary—he was informed that Attorney Branfman was "in a meeting," but would get back to

19   Plaintiff's counsel as soon as possible.  (*Id.* at ¶ 7.)  Attorney Branfman did not. (*Id.* at ¶ 8.)

20           On November 14, 2011, Plaintiff's counsel left a message for Attorney Branfman with a

21   male secretary at Attorney Branfman's firm.  (*Id.* at ¶ 9.)  Again, it was not returned. (*Id.* at ¶ 10.)

22           On November 15, 2011, an unnamed associate from Mr. Branfman's law firm called

23   Plaintiff's counsel, and left a voice message stating that he was calling from Mr. Branfman's office,

24   and "we have no further information for you regarding the Samuel Teitelbaum matter, and that is all

25   that I am currently authorized to say." (*Id.* at ¶ 11.)

26           At that point, it was clear that Plaintiff's counsel's attempts to dispose of this matter through

27   a pre-trial meet and confer were going nowhere. (*Id.* at ¶ 12.) While Plaintiff's attorney simply

28   wanted to discuss Movant's IP address's presence in a BitTorrent swarm with Attorney Branfman,

PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION          No. C-11-05628 MMC (DMR)

and some facts that might allow Plaintiff to determine the infringer, instead, Attorney Branfman and Movant stonewalled Plaintiff. (*Id*. at ¶ 13.)  With the informal avenue foreclosed, Plaintiff brought its Complaint on November 21, 2011. (*Id*. at ¶ 14; ECF No. 1.)  As of that time, Plaintiff's counsel had not received one iota of information from Attorney Branfman about Movant and/or his circumstances. (Gibbs Decl. at ¶ 15.)

On November 29, 2011, Plaintiff's counsel emailed Attorney Branfman a copy of Plaintiff's filings in this case. (*Id*. at ¶ 16.)  On December 5, 2012, Plaintiff's counsel sent a letter to Attorney Branfman.  (*Id*. at ¶ 17.)  In it, Plaintiff's counsel noted Movant's "past refusal to meet and confer with our client on this copyright infringement issue."  Plaintiff's counsel alerted Attorney Branfman of Plaintiff's intention to file a motion for deposition discovery of Movant, but also stated,

> However, before we file our discovery motion with the Court, we would like to fulfill our obligation to meet and confer with you to determine whether your client would be willing to consent to a deposition so our client can continue its investigation without the Court's intervention.  Doing so would save both of our clients' time money expenses as well as preserve judicial economy. (*Id*. at ¶ 18.)

Further, Plaintiff's counsel, again, asked for information on Movant's situation, allowing Plaintiff to further assess the case. (*Id*. at ¶ 18.)  Again, Attorney Branfman failed to respond. (*Id*. at ¶ 19.)  When faced with silence, Plaintiff's attorney filed its *Ex Parte* Application for Expedited Discovery. (ECF No. 9, hereinafter "Application.")  (*Id*. at ¶ 20.)  In it, Plaintiff described its failed attempts to meet and confer with Movant and Attorney Branfman prior bringing the Application. (Application, Pg. 9, § I(b).)

After the Court granted the Application, on January 13, 2012, Plaintiff's attorney served a copy of it on Attorney Branfman, left him a voice message for him and emailed him stating, among other things, that he had until January 17, 2012 to contact Plaintiff's counsel to agree on a date and time for the deposition, otherwise, it would be set up unilaterally. Plaintiff's counsel also asked Attorney Branfman if he still represented Movant, and, if so, whether he would accept service of the subpoena. (Gibbs Decl. at ¶ 21.)  Attorney Branfman emailed back stating that he would contact Movant, inform him of the correspondence and "let [Plaintiff's counsel] know" Movant's response,

1   and that he did not know "whether or not I still represent him." (*Id*. at ¶ 22.)  Again, despite his

2   statements otherwise, he failed to get back to Plaintiff's counsel on the matter. (*Id*. at ¶ 23.)

3         Faced with this situation, Plaintiff counsel attempted to serve Movant with the subpoena

4   through a process server on February 1, 2012. (*Id*. at ¶ 24.)  The process server initially reported that

5   such service was successful. (*Id*. at ¶ 25.)  Plaintiff's counsel then emailed Attorney Branfman. (*Id*.

6   at ¶ 26.)  This is when Attorney Branfman started actually talking with Plaintiff's counsel—i.e. four

7   months after initial attempts. (*Id*. at ¶ 27.)  There was an issue with the subpoena, and Plaintiff's

8   attorney agreed to withdraw it, thinking that Attorney Branfman and he were finally communicating,

9   and they could resolve their clients' issues amongst themselves. (*Id*. at ¶ 28.)  Plaintiff's counsel was

10  sadly mistaken. (*Id*. at ¶ 29.)

11        Plaintiff's counsel, several times during multiple discussions, proposed to forgo the formal

12  court-authorized deposition of Movant, and instead, have an informal meet and confer with him over

13  the phone. (*Id*. at ¶ 30.) Attorney Branfman's responses/demands were ever increasingly obscure and

14  burdensome on Plaintiff in a seeming attempt to thwart Plaintiff's discovery altogether. (*Id*. at ¶ 31.)

15        On March 15, 2012, after all communications broke down, and after Attorney Branfman

16  refused Plaintiff's informal discovery offers, Plaintiff attempted to serve the deposition subpoena

17  again, this time through a server in San Diego. (*Id*. at ¶ 32.) The process was difficult at best, made

18  worse by Movant and Attorney Branfman. (*Id*. at ¶ 33.)  After ascertaining Movant's work location,

19  the process server attempted service several times. (*Id*. at ¶ 33.)  According to the process server,

20  Movant's co-workers, at first, said that Movant did not work there, and, later, tried further to

21  obstruct service. (*Id*. at ¶ 34.)   Only after threatening to contact the legal authorities for their

22  obstruction, did Movant's boss offer to allow the server to serve Movant in the boss's office. (*Id*. at ¶

23  35.) Of course, this meeting never happened. (*Id*. at ¶ 36.) After some time of no response, Plaintiff's

24  attorney spoke with Movant's boss. (*Id*. at ¶ 37.)  Movant's boss told Plaintiff's counsel that he had

25  informed Movant of Plaintiff's service attempts.  It appeared to Plaintiff's attorney that the two were

26  working together in a conscious effort to obstruct service. (*Id*. at ¶ 38.) Eventually, Attorney

27  Branfman, after being contacted by his client, relented and agreed to accept service, but only for that

28

particular deposition subpoena. (*Id*. at ¶ 39.) On March 29, 2012, Plaintiff's counsel sent a copy to Attorney Branfman via email and U.S. mail. (*Id*. at ¶ 40.)

It was not until April 10, 2012, that Attorney Branfman first proposed shortening time/delaying the deposition (again) in order to resolve the motion to quash. (*Id*. at ¶ 41.) In light of the above, that proposal was denied. (*Id.*)

## DISCUSSION

Starting in February of 2012, Movant was fully on notice that Plaintiff was trying to serve him with a deposition subpoena. By March 15, 2012, Movant had, or should have had, actual knowledge of the existence of Plaintiff's current deposition subpoena. Further, on March 29, 2012, Attorney Branfman had actual possession of Plaintiff's current deposition subpoena. Despite all of this, Movant waited until the eleventh hour to plead with the Court for a shortened scheduled to address a deposition that Movant had known about for months. Considering these circumstances, Movant has not shown why it failed to simply bring its motion to quash earlier. While administrative motions are generally granted, under the circumstances, the Court should be weary of Movant's unclean hands.

Ironically, one of Movant's arguments is that the scheduling "modifications" requested will have "no effect" on this case because "Plaintiff has yet name a Defendant in this matter… [which was] filed 140 days ago. (ECF No. 25, Pg. 3, Ln. 22.) Movant omits that he created this situation.

## CONCLUSION

Plaintiff respectfully requests that the Court deny the relief requested.

Respectfully Submitted,

///

///

///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PRENDA LAW INC.,

**DATED: April 12, 2012**

By:      /s/  Brett L. Gibbs, Esq.

Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel for Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
blgibbs@wefightpiracy.com
*Attorney for Plaintiff*

6

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that on April 12, 2012, all individuals of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document, and all attachments and related documents, using the Court's ECF system, in compliance with Local Rule 5-6 and General Order 45.


                                        /s/  Brett L. Gibbs_____
                                          Brett L. Gibbs, Esq.

PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION          No. C-11-05628 MMC (DMR)